UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEYDI MORALES-DIAZ** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-2552** |
| **UNITED STATES OF AMERICA** | **SECTION I** |

## ORDER & REASONS

Before the Court is an unopposed motion to dismiss[1] filed by defendants the United States of America, the United States Postal Service (the "USPS"), Jack Callender, in his official capacity as the United States Postmaster General ("Callender"), and Elke Lowery ("Lowery") (together, "defendants").[2] Defendants move the Court to dismiss plaintiff Heydi Morales-Diaz's ("Morales") claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the following reasons, the motion is granted.

### I.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of*

---

[1] R. Doc. No. 6. The present motion was set for submission on June 12, 2019. Accordingly, any written opposition to the motion was due on June 4, 2019. To date, Morales has not filed an opposition. The Court, therefore, considers the motion as unopposed.
[2] While the motion reflects that it was filed only on behalf of the United States, the USPS, and Lowery, counsel for defendants advised the Court that the motion should have also been filed on behalf of Callender. Defense counsel has now enrolled as counsel of record for Callender. R. Doc. No. 9.

*Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When applying Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010).

"When subject matter jurisdiction is challenged, the Court first considers whether the defendant has made a 'facial' or a 'factual' attack upon the complaint." *Magee v. Winn-Dixie Stores, Inc.*, No. 17-8063, 2018 WL 501525, at *2 (E.D. La. Jan. 22, 2018) (Vance, J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). "If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials." *Paterson*, 644 F.2d at 523. In the case of a factual attack, the plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'" *Id*. "In the case of a facial attack, the court 'is required to look to the sufficiency of the allegations in the complaint because they are presumed to be true.'" *Magee*, 2018 WL 501525, at *2 (quoting *Paterson*, 644 F.2d at 523).

Defendants have submitted evidence in support of their motion to dismiss. Specifically, defendants attached a declaration supporting their argument that the claims against the United State should be dismissed.[3] Therefore, the Court will consider defendants' motion to dismiss Morales's claims against the United States as a factual attack.

## II.

Morales alleges that on November 20, 2017, she was operating her vehicle in Jefferson Parish, State of Louisiana, when she was suddenly struck by a 1992 Gumman LLV owned by the United States, the USPS, and/or Callender and operated by Lowery.[4] Specifically, Morales alleges that Lowery attempted to make a left-hand turn, struck Morales's vehicle, and caused Morales personal injuries, property damage, and other unspecified damages.[5]

On or about November 11, 2018, Morales filed the present lawsuit in the 24th Judicial District Court for the Parish of Jefferson, alleging that the negligence of Lowery, the United States, the USPS, and/or Callender was the sole or a proximate cause of Morales's injuries.[6] Morales alleges that Lowery was acting in the scope of

---

[3] *See* R. Doc. No. 6-3.
[4] R. Doc. No. 1-1, at 1 ¶ 2, 3 ¶ 5.
[5] R. Doc. No. 1-1, at 1 ¶ 2.
[6] R. Doc. No. 1-1, at 2, ¶ 3. Defendants state in the Notice of Removal that Morales filed her petition on November 19, 2018. R. Doc No. 1, at 1 ¶ I. The petition reflects that it was received by the deputy clerk of the 24th Judicial District Court via mail on November 19, 2018, but that it was filed by fax with the clerk's office on November 11, 2018. *See also* R. Doc. No. 1-1, at 5 (letter from Morales's counsel to the clerk of court noting that the petition was filed by fax on November 11, 2018).

her employment with the USPS during the accident and, therefore, the United States, the USPS, and/or Callender are liable for Lowery's negligence.[7]

The United States timely removed the above-captioned matter to this Court, invoking its jurisdiction pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1442(a).[8] Defendants now move to dismiss Morales's claims pursuant to Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction over Morales's claims as to all defendants because the United States must be the sole defendant and because she failed to exhaust her administrative remedies, both mandated by the FTCA.[9]

---

[7] R. Doc. No. 1-1, at 3 ¶ 5.

[8] Section 1442(a) permits the removal of civil actions against the United States and any of its agencies or officers, and Section 2679(d) states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

The Assistant United States Attorney, Civil Division Chief, acting as the Attorney General's designee under 28 C.F.R. § 15.4 and Justice Manual § 4-5.630, certified that Lowery was acting within the scope of her office as a federal employee at the time that the alleged tort occurred. R. Doc. No. 6-2, at 1.

Furthermore, removal is timely because it was removed before trial. *See McLaurin v. United States*, 392 F.3d 774, 779 (5th Cir. 2004) ("Congress explicitly allows removal under Section 2679(d)(2) to occur 'at any time before trial.'").

[9] R. Doc. No. 6-1, at 3.

### III.

"The FTCA creates a statutory cause of action against the United States for torts committed by federal officials within the scope of their employment." *Saunders v. Bush*, 15 F.3d 64, 66 (5th Cir. 1994). "Section 2679 of the FTCA provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property 'resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment.'" *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004) (quoting 28 U.S.C. § 2679(b)(1)). "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991) ("All suits brought under the FTCA must be brought against the United States," and "[a]ll defendants other than the United States were properly dismissed for lack of subject matter jurisdiction.")).

Moreover, "[u]nder the FTCA, no damages action may be instituted against the United States 'unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing' or been left undecided for six months." *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013) (quoting § 2675(a)).[10] "The requirement is

---

[10] 28 U.S.C. § 2675(a) provides, in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the

5

jurisdictional and cannot be waived." *Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016) (quoting *Emps. Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979)).

The FTCA is Morales's exclusive remedy for her injuries and damages. Morales asserts in her state court petition that she suffered injuries, property damage, and other damages as a result of the negligence of a federal employee, Lowery, who was working within the scope of her employment.[11] Morales filed this lawsuit against the United States, the USPS, Callender, and Lowery, but the United States is the only proper defendant pursuant to the FTCA.

Morales also does not allege in her state court petition that she presented her claims to the USPS before filing this lawsuit. *See Baker*, 672 F. App'x at 362 ("[Plaintiff] has twice brought this claim without alleging he presented it to the appropriate federal agency, and there is nothing in the record to indicate that [he] has complied with this jurisdictional requirement."). Furthermore, defendants attached to their motion the declaration of David R. Kupper ("Kupper"), an attorney

---

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

[11] *See* R. Doc. No. 6-2.

for the USPS Law Department, National Tort Center, wherein Kupper states that Morales submitted an administrative demand for personal injury damages on November 14, 2018—after she filed her state court petition on November 11, 2018.[12]

Morales clearly did not comply with § 2675, a prerequisite to filing this lawsuit, because she filed her administrative claim after she filed her state court petition and has not alleged that she received a final agency denial as to her claims for injuries against the United States.

## IV.

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and that the above-captioned matter is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, June 13, 2019.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[12] *See generally* R. Doc. No. 6-3. Attached to Kupper's declaration is a letter sent by Morales's counsel on her behalf, which Kupper recognizes as Morales's administrative demand. *Id.* at 3. Although the letter is dated November 2, 2018, it seems that the letter was received or filed on November 14, 2018. Even if her administrative demand was filed before she filed her state court petition, Morales has not alleged, and there is no evidence to demonstrate, that she received a final agency denial or waited six months without a final agency decision before filing this lawsuit.

7